UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| BRUCE WAYNE ALLEN,<br><br>  Plaintiff,<br><br>   v.<br><br>SFPD, et al.,<br><br>  Defendants. | Case No. 16-cv-05067-LB<br><br>**ORDER OF SERVICE**<br>[Re: ECF Nos. 1, 8 ] |

# INTRODUCTION

Bruce Wayne Allen, an inmate currently housed at Wasco State Prison, filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983. He consented to proceed before a magistrate judge. (ECF No. 2.)[1] Upon initial review, the court dismissed the complaint with leave to amend. Mr. Allen then filed an amended complaint, which is now before the court for review. This order finds that the complaint, as amended, states a cognizable claim and orders service of process on one defendant.

---

[1] Citations are to material in the Electronic Case File ("ECF"); pinpoint cites are to the ECF-generated page numbers at the top of the documents.

**STATEMENT**

Mr. Allen alleged the following in his complaint: "During my arrest on June 25, 2014, I was assaulted by S.F.P.D. officer. I 'was beaten & place[d] in an illegal carotid choke hold.' I was punched repeatedly in the face by the officer." (ECF No. 1 at 3.)

In the amended complaint he filed on January 4, 2017, Mr. Allen alleges that officer Robert K. Richins, Star # 753 is the name of the officer who used force on him and applied the chokehold. (ECF No. 8.)

**ANALYSIS**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b). *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

A claim that a law enforcement officer used excessive force in the course of an arrest or other seizure is analyzed under the Fourth Amendment reasonableness standard. *See Graham v. Connor*, 490 U.S. 386, 394-95 (1989); *Forrester v. City of San Diego*, 25 F.3d 804, 806 (9th Cir. 1994). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of '"the nature and quality of the intrusion on the individual's Fourth Amendment interests"' against the countervailing governmental interests at stake." *See Graham*, 490 U.S. at 396 (citations omitted).

The court found that the original complaint, liberally construed, "stated a claim for excessive force by someone," but had not identified the individual officer who allegedly used the force and had not connected the municipal defendant to the claim. (ECF No. 6 at 2.) Mr. Allen was given

leave to file an amended complaint to try to cure the defendant problem. The court cautioned Mr. Allen that "his amended complaint will supersede existing pleadings and must be a complete statement of his claims."(*Id.* at 5.) Mr. Allen's amended complaint cured the individual defendant problem by providing the name of the officer who used the allegedly excessive force but is deficient in that it did not identify the date on which the force was used. (ECF No. 8.) In the interest of justice and to further the goal of liberal construction of pleadings, the court will treat the "amended complaint" as an amendment to the original complaint, so that the two documents (i.e., ECF Nos. 1 and 8) will be read together, rather than having the amended complaint supersede the original complaint. Liberally construed, the complaint, as amended by the amendment, states a cognizable excessive force claim against officer Richins.

Neither the complaint nor the amendment alleges any wrongdoing by the San Francisco Police Department. The San Francisco Police Department therefore is dismissed from this action.

## CONCLUSION

1. Liberally construed, the complaint as amended states a cognizable § 1983 claim against San Francisco Police officer Robert K. Richins (Star # 753) for using excessive force in violation of Mr. Allen's Fourth Amendment rights. All other defendants and claims are dismissed. .

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and amended complaint, a copy of all the documents in the case file, and a copy of the "consent or declination to magistrate judge jurisdiction" form upon San Francisco Police officer Robert K. Richins (Star # 753).

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

   a. No later than **March 17, 2017**, the defendant must file and serve a motion for summary judgment or other dispositive motion. If the defendant is of the opinion that this case cannot be resolved by summary judgment, the defendant must so inform the court prior to the date the motion is due. If the defendant files a motion for summary judgment, the defendant must provide to the plaintiff a new *Rand* notice regarding summary judgment procedures at the time he files such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012). If the motion is based

on nonexhaustion of administrative remedies, the defendant must comply with the notice and procedural requirements in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

      b.      The plaintiff must file and serve his opposition to the summary judgment or other dispositive motion no later than **April 14, 2017**. The plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

      c.      If the defendant wishes to file a reply brief, the reply brief must be filed and served no later than **April 28, 2017.**

4. The plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants [may make] a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998). If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, he or she is seeking to have the case dismissed. A plaintiff faced with such a motion can oppose it using the same methods as described above for other summary judgment motions. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, the case will be dismissed and there will be no trial.

5. All communications by the plaintiff with the court must be served on a defendant's counsel

by mailing a true copy of the document to the defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, the plaintiff may serve a document by mailing a true copy of the document directly to the defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. The plaintiff is responsible for prosecuting this case. The plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility or is released from custody.

8. The plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the court for consideration in this case.

**IT IS SO ORDERED.**

Dated: January 11, 2017

_____
LAUREL BEELER
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRUCE WAYNE ALLEN,

    Plaintiff,

  v.

SFPD, et al.,

    Defendants.

Case No. 16-cv-05067-LB

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 11, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Bruce Wayne Allen ID: BA1166
Wasco State Prison FAC A, Bldg. 1, Cell 136
PO Box 4400
Wasco, CA 93280

Dated: January 11, 2017

Susan Y. Soong
Clerk, United States District Court

By: _____
Ada Means, Deputy Clerk to the
Honorable LAUREL BEELER